## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**MICHAEL SHANE REID**                                                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:23-CV-P178-JHM**

**LINDA BLESSING**                                                                      **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Michael Shane Reid filed the instant *pro se* action. Because a review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, the Court will dismiss the case.

**I.**

Plaintiff, an inmate currently housed at Warren County Regional Jail in Bowling Green, Kentucky, filed the complaint on a complaint form for filing an action under 42 U.S.C. § 1983/*Bivens v. Six Unknown Fed. Narcotics Agents* by a prisoner. He sues Linda Blessing, who he indicates works for the Tennessee Department of Revenue but lives in Scottsville, Kentucky.

Plaintiff states that when he was in a relationship with Defendant he moved from Tennessee into her home in Scottsville, Kentucky. Plaintiff states that he was forced to leave the property after an "IPO" was ordered. He alleges that he is a journeyman electrician and that prior to the IPO he upgraded the "interior and exterior electrical" of Defendant's home, including "lighting, receptacles, light switches, and ceiling fans." Plaintiff also states that Defendant has several of his personal items in her possession.

As relief, Plaintiff asks the Court to order Defendant to return the personal items he lists, which he indicates are worth $9900, and to pay him for the electrical upgrades he purchased and installed at her home, which he indicates are worth $4480.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have an independent duty to determine whether they

have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). "Congress has defined the province of federal judicial authority in two basic jurisdictional statutes"— federal question and diversity jurisdiction. *Id.* (citing 28 U.S.C. §§ 1331, 1332).

In the present case, Plaintiff has not met his burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331. The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002). While Plaintiff filed the complaint on a § 1983/*Bivens* complaint form, he cites no facts to support a claim for the violation of his constitutional rights or any other federal cause of action, and the Court cannot discern any federal claim from his allegations. Therefore, the complaint fails to establish federal-question jurisdiction.

Plaintiff has also failed to establish diversity jurisdiction under § 1332(a) which provides that federal courts have original subject-matter jurisdiction over civil actions "between . . . citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs." Here, even if Plaintiff and Defendant are citizens of two different states, according to Plaintiff's calculations, the amount in controversy is no more than $14,380.

Thus, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: January 17, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4414.011